IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAZY Y RANCH, LTD., | Case No. CV 06-340-S-MHW |
| Plaintiff, | **ORDER** |
| v. | |
| WINSTON WIGGINS, JIM RISCH, *et al.*, | |
| Defendants. | |

Currently pending before the Court is the Motion by State Defendants to Stay Pre-Trial Proceedings and to Vacate Scheduling Conference (Docket No. 57), filed April 17, 2007.[1] For the following reasons, the Motion will be granted.

**I.
Background**

On March 13, 2007, this Court issued a Memorandum Decision and Order (Docket No. 49) denying the State Defendants' Motion to Dismiss (Docket No. 25). On April 11, 2007, the State Defendants filed a Notice of Appeal (Docket No. 52). In their Appeal Docketing Statement, the State Defendants stated the principal issues to be raised on appeal are: (1) whether the amended complaint states a rational-basis equal protection claim where the state

---

[1] The Scheduling Conference set for May 1, 2007 was vacated on April 18, 2007. (Docket No. 58.) Accordingly, that portion of the Motion is moot.

**Order - Page 1**

defendants have articulated a reasonable basis for the challenged actions; and (2) whether clearly established law subjects the state defendants to liability under a rational-basis equal protection claim where they have articulated a reasonable basis for the challenged actions. (Docket No. 53.)

Plaintiff has sued under 42 U.S.C. § 1983 for violations for the Fourteenth Amendment's Equal Protection Clause. It seeks monetary, nominal and punitive damages as well as declaratory and injunctive relief and its reasonable costs of litigation. (*See* First Amended Complaint, Docket No. 4; Notice of Voluntary Partial Dismissal, Docket No. 37.) The State Defendants' appeal deals primarily with whether they are protected by qualified immunity as to the monetary claims against them. However, they seek to stay the entire proceeding before this Court, including the claims for injunctive and declaratory relief.

## II.
## Discussion

The State Defendants bring their motion to stay for several reasons. They maintain that their appeal, although only addressing qualified immunity, puts the sufficiency of Plaintiff's entire claim at issue before the Ninth Circuit. They maintain that all of Plaintiff's claims are inextricably connected and cannot be bifurcated for purposes of discovery. Additionally, they argue that the purpose of qualified immunity is to protect the State Defendants from being burdened by the pre-trial process and requiring them to continue to defend against the injunctive and declaratory relief claims would defeat the purpose of qualified immunity.

Plaintiff maintains that this Court retains jurisdiction over the injunctive and declaratory relief aspects of its claims and that staying these proceedings will deprive it of the ability to pursue non-monetary claims for relief for possibly up to two years. Plaintiff asserts its belief

that on appeal the State Defendants may only raise the purely legal issue of whether there is clearly established law for qualified immunity purposes and their appeal goes beyond this narrow question.

Denial of a motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine. *Armendariz v. Penman*, 75 F.3d 1311, 1316 (9th Cir. 1996); *Watkins v. City of Oakland*, 145 F.3d 1087, 1091 (9th Cir. 1998). However, the Ninth Circuit has stated is jurisdiction to review such a decision is limited to purely legal issues. *Id*. The general rule is that the filing of a notice of appeal divests the district court of jurisdiction and transfers it to the appellate court. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990). Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case. *Id*. at 1412.

The Court is cognizant of the potential hindrance that staying this action may cause in discovery down the road, however the Court does find that staying this proceeding is the appropriate action at this time, especially in light of the fact that all of Plaintiff's claims, although they seek different types of relief, are for violations of the Equal Protection Clause. While staying this action will necessarily delay aspects of the case that are not directly subject to the appeal, the Court finds that a decision by the Ninth Circuit would necessarily provide guidance to this Court in its decisions on Plaintiff's claims for declaratory and injunctive relief. A determination by the Ninth Circuit as to whether there is clearly established law for purposes of the qualified immunity and if there is, what it declares that law to be, would be binding on this Court as to the law it applies to Plaintiff's claims for declaratory and injunctive relief. Additionally, a Ninth Circuit decision as to whether Plaintiff has properly alleged an Equal

Protection violation, although Plaintiff disputes whether the Ninth Circuit can determine such a question, would clearly affect Plaintiff's claims for injunctive and declaratory relief.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) State Defendants' Motion to Stay Pre-Trial Proceedings and to Vacate Scheduling Conference (Docket No. 57), filed April 27, 2007, be GRANTED.

DATED: May 25, 2007

Honorable Mikel H. Williams
Chief United States Magistrate Judge