DAVID Z. NEVIN
ISB # 2280; dnevin@nbmlaw.com
NEVIN BENJAMIN & MCKAY
P.O. Box 2772
Boise, ID 83701
Phone: 208-343-1000
Facsimile: 208-345-8274

LAURENCE ("LAIRD") J. LUCAS
ISB #4733; llucas@lairdlucas.org
P.O. Box 1342
Boise, ID 83701
Phone: 208-342-7024
Facsimile: 208-334-5548
*Attorneys for Plaintiff*

LAWRENCE G. WASDEN
ATTORNEY GENERAL
CLIVE J. STRONG
CLAY R. SMITH
ISB #6385; clay.smith@ag.idaho.gov
JAMES D. CARLSON
ISB #2970; jim.carlson@ag.idaho.gov
Deputy Attorneys General
P.O. Box 83720
Boise, ID 83720-0010
Phone: 208-334-2400
Facsimile: (208) 854-8072
*Attorneys for State Board of Land Commissioners Defendants*

DONALD J. FARLEY
ISB #1561; djf@hallfarley.com
COLLEEN D. ZAHN
ISB #6208; cdz@hallfarley.com
HALL FARLEY OBERRECHT & BLANTON
702 W. Idaho, Suite 700
Boise, ID 83701
Phone: 208-395-8500
Facsimile: (208 395-8585
*Attorneys for State of Idaho Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LAZY Y RANCH, LTD., | ) | No. 06-cv-340-MHW |
| | ) | |
| Plaintiff, | ) | **SETTLEMENT AGREEMENT** |
| | ) | **AND JOINT STIPULATION OF** |
| v. | ) | **DISMISSAL** |
| | ) | |
| WINSTON WIGGINS, JIM RISCH, | ) | |
| BEN YSURSA, MARILYN HOWARD, | ) | |
| LAWRENCE WASDEN, KEITH | ) | |
| JOHNSON, TRACY BEHRENS, | ) | |
| GEORGE BACON, WALLY BUTLER, | ) | |
| and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL -- 1

WHEREAS, Plaintiff Lazy Y Ranch, Ltd. ("Lazy Y") brought this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, federal equal protection violations by Idaho state officials and employees Winston Wiggins *et al* ("State Defendants") in connection with state endowment land leases sought by Lazy Y, as alleged in the First Amended Complaint herein *(Docket No. 4)*; and

WHEREAS, the state leases disputed between the parties in connection with the First Amended Complaint include the following leases for which Lazy Y was the high bidder at auction: No. G-4008 (Swamp Creek); No. G-4051 (Bob Parkins); No. G-4052 (East Fork); No. G-4054 (Mason Butte); No. G-4055 (Helmer Allotment); No. G-4057 (Jim Ledgerwood); No. G-4608 (Squaw Creek); and

WHEREAS, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's March 2007 ruling denying, *inter alia*, the State Defendants' motion to dismiss on qualified immunity grounds Lazy Y's claims to the extent they sought damages, *see Lazy Y Ranch v. Behrens*, 546 F.3d 580 (9th Cir. 2008); and

WHEREAS, the Idaho State Board of Land Commissioners ("Land Board") and Idaho Department of Lands ("Department") are currently engaged in a rulemaking process to revise state endowment land leasing procedures and requirements with respect to uses for grazing, farmland, conservation, noncommercial recreation and communication sites and codified at IDAPA 20, Title 03, Chapter 14; and

WHEREAS, the parties concur that finalizing the current rulemaking process will take additional time (including for legislative review of the rulemaking), but that further prosecution of this litigation at this time is not in the interests of conserving party and judicial resources, and that entering into this Settlement Agreement and Joint Stipulation

of Dismissal is appropriate in order to resolve all pending disputes or disagreements and to facilitate a good working relationship between Lazy Y and the Land Board and IDL moving forward;

NOW, THEREFORE, the parties enter into this SETTLEMENT AGREEMENT AND JOINT STIPULATION OF DISMISSAL, by and through their undersigned counsel, under the following terms and conditions:

**TERMS AND CONDITIONS**

1.  The Land Board and the Department reiterate their intent to complete the lease rulemaking revision process currently underway until the rulemaking is final, including legislative ratification.

2.  In consideration of the ongoing rulemaking process and other consideration, as set forth herein, the parties hereby JOINTLY STIPULATE TO DISMISSAL OF THIS ACTION, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), without prejudice to Lazy Y's right to refile the claims in its First Amended Complaint to the extent that such complaint seeks relief other than monetary damages against the State Defendants should legislative ratification of the revised IDAPA 20.03.14, pursuant to Idaho Code § 67-5291, at the 2010 session of the Idaho Legislature not occur. If legislative ratification does occur, Lazy Y waives, forfeits and otherwise relinquishes any and all right to refile such claims for any form of relief. Dismissal of the First Amended Complaint under Rule 41(a)(1)(A)(ii) pursuant to this Stipulation of Dismissal shall be with prejudice to the extent it seeks monetary damages against the State Defendants.

3.  Lazy Y hereby waives, forfeits and otherwise relinquishes any interest in or claim to the following leases: G-4008, G-4051, G-4052, G-4054, G-4055, G-4057 and

G-4608.  Nothing herein, however, shall preclude Lazy Y from making application for such leases when they expire or otherwise become available for applicant bidding subsequent to the effective date of this Stipulation of Dismissal.  Lazy Y further waives, forfeits and otherwise relinquishes any claim for monetary damages or other relief against the State of Idaho, the defendants herein, and any other person employed by or representing the State of Idaho or its agencies, commissions and boards in connection with, related to, or growing out of any public-land leasing application submitted to the Department up to and including the effective date of this Stipulation of Dismissal.

   4. In leasing state endowment lands, the Land Board and the Department recognize their obligation to apply applicable statutes and rules consistent with federal or state equal protection requirements.

   5. Solely as a compromise, to avoid further litigation and not as an admission of any wrongful act or conduct by any of the State Defendants, of any damages of or to Lazy Y, or of any violation of any state or federal law, the State of Idaho, on behalf of the State Defendants, shall pay Lazy Y a reasonable sum for attorney fees and litigation expenses incurred in this action, pursuant to 42 U.S.C. § 1988, in the amount of $50,000.  Such payment constitutes payment in full for any and all attorney fees, litigation expenses or other monetary claims that Lazy Y may have, or may claim to have, in this civil action, including any such fees, expenses or monetary claims in connection with any and all state leases or lease applications up to and including the effective date of this agreement.  The payment will be made to the Laurence J. Lucas Lawyer Trust Account.  Should legislative ratification pursuant to Idaho Code § 67-5291 at the 2010 session of the Idaho Legislature not occur and should Lazy Y elect to refile any or all of the claims in the First

Amended Complaint for prospective relief—since the parties expressly understand and agree that any or all claims for damages relief in the First Amended Complaint are dismissed with prejudice under paragraph 2 above—Lazy Y shall refund $25,000 of the payment made under this paragraph at least seven calendar days prior to refiling. Failure to make such refund in a timely manner will constitute grounds for dismissal with prejudice of the refiled claims .

6. The effective date of this Settlement Agreement and Joint Stipulation of Dismissal is November 17, 2009.

**IT IS SO AGREED AND STIPULATED.**

By /s/ Laurence ("Laird") Lucas_____
Laurence ("Laird") J. Lucas
Attorney for Plaintiff

HALL FARLEY OBERRECHT & BLANTON

By /s/ Donald J. Farley_____
Donald J. Farley
Attorneys for State of Idaho Defendants
STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By /s/ Clay R. Smith_____
Clay R. Smith, Deputy Attorney General
Attorney for State Board of Land
Commissioner Defendants